PETER THOMANN, Individually and for the Benefit of Approximately 225 Permit Men of Local Union 345 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Similarly Situated, Respondent, v. CHARLES FLYNN, as President of Local Union 345 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Appellant. AUGUST MEINHARDT, Individually and for the Benefit of Approximately Thirty Ex-members of Local Union 345 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Similarly Situated, Respondent, v. CHARLES FLYNN, as President of Local Union 345 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Appellant.— Orders dated March 29, 1937, granting in part and denying in part motions for a bill of particulars, modified by striking out all of the decretal portions thereof and inserting in lieu thereof the following: Ordered that plaintiffs serve on the defendant's attorney a verified bill of particulars as to all of the items set forth in the defendant's order to show cause, and as so modified affirmed, without costs; the bill of particulars to be served within twenty days from service of the order hereon. In our opinion, the defendant is entitled to be apprised in advance of the trial as to information of the matters sought. Orders dated April 14, 1937, vacating defendant's notices of examination before trial, reversed on the law, with ten dollars costs and disbursements, and motions denied, with ten dollars costs. Examinations to proceed on ten days' notice. In our opinion, it was proper for the defendant to examine the plaintiffs with respect to the identity of the unknown plaintiffs, and also with respect to the creation of a rival organization, which is the substance of the separate defense and counterclaim. Hagarty, Davis, Adel and Taylor, JJ., concur; Carswell, J., not voting.

TOWN OF HUNTINGTON, Plaintiff, v. DUCK ISLAND CORPORATION, Defendant.— Upon submission of a controversy under an agreed statement of facts, in accordance with sections 546–548 of the Civil Practice Act, in a dispute as to the title to property known as Duck Island Beach, judgment unanimously directed in favor of the defendant, that the defendant is the owner in fee simple of the property described, and that plaintiff be barred from any and all claim in or to said premises, with costs, We are of opinion that the line which was established in accordance with the description in the Nicolls and Dongan patents, concededly at the easterly boundary of Duck Island Beach, was a straight line running from Long Island Sound to Northport Harbor, vesting title to all of the property west of that line in the defendant's predecessor, and all property east of the line to the town. All of the acts of the parties in interest evidence that by practical construction they acknowledged ownership of the land in question in the defendant and its predecessors, and, particularly, by the conveyance of the town to Smith, in 1890, granting title to Duck Island Beach, which, it acknowledged in that deed, was owned by defendant's predecessor, the taxation of the defendant by the town for the property in question, and the failure of the town for 190 years to assert its alleged claim of ownership. Present — Lazansky, P. J., Hagarty, Davis and Adel, JJ.; Carswell, J., not voting.